## In Re COMPACT DISC MINIMUM ADVERTISED PRICE ANTI-TRUST LITIGATION

### No. MDL 1361, 200MD1361PH.

United States District Court, D. Maine.

Dec. 3, 2003.

John Brautigam, Maine Assistant Attorney General, Augusta, ME, Liaison Counsel for the Plaintiff States.

Linda Gargiulo, Assistant Attorney General, New York, NY, Lizabeth Leeds, Assistant Attorney General, Tallahassee, FL, Lead Counsel for the Plaintiff States.

Alfred C. Frawley, III, Esq., Gregory P. Hansel, Esq., Preti, Flaherty, Beliveau & Haley, LLC, Portland, ME, Liaison Counsel for the Private Plaintiffs.

Joseph C. Kohn, Esq., Michael J. Boni, Esq., Kohn, Swift & Graf, PC, Philadelphia, PA, Lead Counsel for the Private Plaintiffs.

Michael Jaffe, Esq., Wolf Haldenstein Adler Freeman & Herz, LLP, New York, NY, Counsel for the Trowbridge Plaintiffs.

William J. Kayatta, Jr., Esq., Clifford H. Ruprecht, Esq., Portland, ME, Liaison Counsel for the Distributor Defendants.

Joseph H. Groff, III, Esq., Jensen, Baird, Gardner & Henry, Portland, ME, Liaison Counsel for the Retailer Defendants.

## FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

HORNBY, District Judge.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

1.  This Judgment incorporates by reference the definitions in the Amended Stipulation, and all terms used herein shall have the same meanings as set forth in the Amended Stipulation.

2.  This Court has jurisdiction over the subject matter of the Litigation and over all parties to the litigation, including all members of the Class.

3.  Pursuant to Federal Rule of Civil Procedure 23, this Court hereby reaffirms its findings and conclusion, set forth in its Order of August 11, 2003, Granting Preliminary Approval of Proposed Settlement, Provisionally Certifying Class, and Directing Dissemination of Notice to Class, that, for purposes of the Amended Stipulation and Settlement, the Class meets the prerequisites for the bringing of a class action set forth in Federal Rule of Civil Procedure 23(a) and the requirements for maintenance of a class action under Rule 23(b)(3). The Court hereby makes final its previously conditional certification of the Class.

4.  Pursuant to Federal Rule of Civil Procedure 23(e), this Court hereby approves the Settlement and find that the Settlement is, in all respects, fair, reasonable and adequate for the Class.

5.  This Court hereby DISMISSES WITH PREJUDICE AND WITHOUT COSTS (except as otherwise provided in the Amended Stipulation) the Litigation against the Defendants.

6.  The Court finds that the Amended Stipulation and the Settlement are fair, reasonable and adequate as to each of the Settling Parties, grants final approval of

the Amended Stipulation and the Settlement in all respects, and directs the Settling Parties to perform the terms of the Amended Stipulation.

7. As set forth in paragraph 10.1 of the Amended Stipulation, upon the Effective Date, the Named Plaintiffs and each of the Class members shall be deemed to have, and by operation of the Judgment shall have, fully, finally and forever released, relinquished and discharged the Released Persons from all Released Claims.

8. As set forth in Paragraph 10.2 of the Amended Stipulation, upon the Effective Date, each of the Released Persons and their counsel shall be deemed to have, and by operation of the Judgment shall have, fully, finally and forever released, relinquished and discharged each and all of the Named Plaintiffs and counsel to the Named Plaintiffs from any and all other claims, demands, liabilities and causes of action of every nature and description whatsoever, known or unknown, whether or not concealed or hidden, asserted or that might have been asserted, arising out of, based upon, or related to the initiation, prosecution, assertion, litigation, settlement or resolution of the Litigation or the Released Claims.

9. The Notice Plan was the best notice practicable under the circumstances, including the individual notice sent to members of the Class who could be identified through reasonable effort. Under the circumstances, said notice provided the best practicable notice of those proceedings and of the matters set forth therein, including the proposed Settlement, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.

10. Neither the application for attorney fees and reimbursement of expenses, nor any application for incentive awards to the Named Plaintiffs, nor any order entered by this Court thereon shall in any way disturb or affect this Final Judgment, and all such matters shall be considered separate from this Judgment.

11. Neither the Amended Stipulation nor any act performed or document executed pursuant to or in furtherance of the Amended Stipulation or the Settlement (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claims, or of any wrongdoing or liability of the Defendants, or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. Defendants may file the Stipulation and/or Judgment from this action in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

12. Neither the Named Plaintiffs nor any Class member, either directly or representatively, or in any other capacity, shall commence or prosecute any action or proceeding against any of the Released Persons in any court or tribunal asserting any of the Released Claims.

13. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over (a) implementation of the Settlement and any award or distribution of the Settlement Consideration; (b) disposition of Plaintiffs' Notice/Fee/Incentive Fund; (c) further proceedings, if necessary, on applications for attorney fees, costs and expenses, and applications for incentive awards to the Named Plaintiffs in connection with the Litigation and the Settlement; (d) enforce-

ment of all agreements made and orders entered during the course of the Litigation relating to the confidentiality of information; and (e) all parties hereto for the purpose of construing, enforcing and administering the Amended Stipulation. Among other things, this Court retains continuing jurisdiction over the Litigation to enforce Defendants' obligations under the Amended Stipulation to provide the Settlement Consideration to Class members. If Defendants fail to fulfill those obligations completely, the Court retains the power to vacate the provisions of this Judgment releasing, relinquishing and discharging, and barring and enjoining the prosecution of the Released Claims against the Released Persons, and to reinstate the Released Claims against the Released Persons.

14. In the event that the Settlement does not become effective in accordance with the terms of the Amended Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Amended Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Amended Stipulation.

So ORDERED.